## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HELENE VILLEGAS, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| MICHAEL MCFARLAND, Regional | : | |
| Manager, New Castle County Probation | : | NO. |
| and Parole, in his individual | : | |
| capacity; and JANE DOE, JOHN DOES | : | |
| Nos. 1, 2, 3, 4, 5, 6, 7, 8, and 9, New | : | JURY TRIAL DEMANDED |
| Castle County Probation and Parole | : | |
| Officers, in their individual capacities. | : | |
| | : | |
| Defendants. | : | |
| | : | |

## COMPLAINT

1. This is a Complaint seeking damages for violation of Plaintiff Helene Villegas' Fourth and Fourteenth Amendment rights.

### JURISDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. §§1331(a) and 1343(a).

3. Venue is proper under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this judicial district.

### PARTIES

4. Plaintiff Helene Villegas is a resident of New Castle County, Delaware.

5. Defendant Michael McFarland is the Probation and Parole Regional Manager for New Castle County. As Regional Manager, Defendant McFarland supervises Probation and Parole operations in New Castle County, including employee training. His official address is 26 Parkway Circle, New Castle, DE 19720. He is sued in his individual capacity.

6.  Defendant Jane Doe is believed to be Officer Leece, an officer of the New Castle County Office of Probation and Parole. Her official address is 26 Parkway Circle, New Castle, DE 19720. She is sued in her individual capacity.

7.  Defendant John Doe No. 1 is believed to be an officer of the New Castle County Office of Probation and Parole. His official address is 26 Parkway Circle, New Castle, DE 19720. He is sued in his individual capacity.

8.  Defendant John Doe No. 2 is believed to be an officer of the New Castle County Office of Probation and Parole. His official address is 26 Parkway Circle, New Castle, DE 19720. He is sued in his individual capacity.

9.  Defendant John Doe No. 3 is believed to be an officer of New Castle County Office of Probation and Parole. His official address is 26 Parkway Circle, New Castle, DE 19720. He is sued in his individual capacity.

10. Defendant John Doe No. 4 is believed to be an officer of New Castle County Office of Probation and Parole. His official address is 26 Parkway Circle, New Castle, DE 19720. He is sued in his individual capacity.

11. Defendant John Doe No. 5 is believed to be an officer of New Castle County Office of Probation and Parole. His official address is 26 Parkway Circle, New Castle, DE 19720. He is sued in his individual capacity.

12. Defendant John Doe No. 6 is believed to be an officer of New Castle County Office of Probation and Parole. His official address is 26 Parkway Circle, New Castle, DE 19720. He is sued in his individual capacity.

13. Defendant John Doe No. 7 is believed to be an officer of New Castle County Office of Probation and Parole. His official address is 26 Parkway Circle, New Castle, DE 19720. He is sued in his individual capacity.

14. Defendant John Doe No. 8 is believed to be an officer of New Castle County Office of Probation and Parole. His official address is 26 Parkway Circle, New Castle, DE 19720. He is sued in his individual capacity.

15. Defendant John Doe No. 9 is believed to be an officer of New Castle County Office of Probation and Parole. His official address is 26 Parkway Circle, New Castle, DE 19720. He is sued in his individual capacity.

16. Defendants MacFarland, Jane Doe, and John Does Nos. 1-9 were at all relevant times acting under color of state law.

## STATEMENT OF FACTS

17. On Friday August 4, 2006, Ms. Villegas had been the sole tenant-occupant of her home since approximately December 2004 or January 2005.

18. At approximately 7:00 a.m. on August 4, 2006, Ms. Villegas heard a loud banging on her front door. Her three dogs began to bark and jump up at the door. Approximately ten or eleven uniformed officers, Defendants Jane Doe and John Does No. 1-9 ("the Officer Defendants"), were present outside.

19. Ms. Villegas went to the front door to her home and, through the door, asked who was knocking. One of the Officer Defendants identified himself and the others as Probation and Parole Officers. Ms. Villegas asked how she could help. The Officer Defendants asked her to open the door and speak with them.

20. Ms. Villegas was scared and intimidated. Ms. Villegas said, through the door, that she had been the sole occupant of the house for approximately two years, and that she was neither on probation nor parole.

21. The Officer Defendants again asked if they could speak with Ms. Villegas. Ms. Villegas told them she would have to secure her dogs first. Ms. Villegas then put one of her three dogs in the back yard and another in a cage. Ms. Villegas had nowhere else to put the third dog, so she opened the door partway to keep the dog from running out the door. Ms. Villegas left the house and stepped onto her front porch to speak with the Officer Defendants.

22. Jane Doe informed Ms. Villegas that they were looking for someone by the name of Eric Laws, and showed Ms. Villegas a photograph of someone they referred to as Eric Laws. Jane Doe said, "We believe Eric Laws lives here."

23. Ms. Villegas told the Officer Defendants that she did not know anyone called Eric Laws, did not recognize the man in the photograph, and, to her knowledge, had never met anyone named Eric Laws nor the man in the photograph.

24. Ms. Villegas offered to show her drivers license and rental lease to show that she was the sole occupant of the residence and had been for approximately eighteen months.

25. Ms. Villegas repeated, "I'm telling you there's no Eric Laws here." One of the Officer Defendants said, "We just want to come inside to talk to you," and asked Ms. Villegas why she had not put her dogs up like she said she would.

26. Ms. Villegas went back into the house to secure and restrain her third dog. Ms. Villegas attempted to close the front door while doing so, and thought that she had closed the door, but Defendant Jane Doe placed her foot in the door to prevent the door from closing.

27. Ms. Villegas asked the Officer Defendants if they had a search warrant. The Officer Defendants responded that they did not need a warrant.

28. Upon information and belief, the Officer Defendants did not have a warrant to search Ms. Villegas' residence.

29. Ms. Villegas was fearful and very intimidated but, based on the Officer Defendants' actions and representations, acquiesced to the authority of the Officer Defendants, and the Officer Defendants entered the house. Ms. Villegas at no time voluntarily consented to the Officer Defendants entering or searching her home.

30. Ms. Villegas and the Officer Defendants went to the living room. Ms. Villegas told them again that she did not know an Eric Laws and again offered to show the Officer Defendants her driver's license and apartment lease to show that Eric Laws had not been living at that residence – if he ever had – for at least eighteen months. The Officer Defendants again refused this offer.

31. Ms. Villegas told the Officer Defendants that she was suffering from a panic attack and experiencing difficulty breathing.

32. Defendant Jane Doe said, "We're just going to have a look around," and, together with John Doe Nos. 1 and 2, started to go upstairs to search the second floor of Ms. Villegas' home.

33. Ms. Villegas again asked the Officer Defendants for a search warrant and, again, one of the officer Defendants forcefully said, "We don't need a warrant; we're just going to have a look around."

34. Defendants Jane Doe, John Doe No. 1 and John Doe No. 2 searched the upstairs of Ms. Villegas' home. Defendants Jane Doe, John Doe No. 1 and John Doe No. 2 searched all the rooms in the house, including closets and other personal spaces. The Officer Defendants left the doors to closets and rooms open.

35. Ms. Villegas remained downstairs by the front door with John Doe No. 3, who was dressed differently than the other Officer Defendants. Ms. Villegas asked the officer, "Why are you doing this? I can't breathe. I'm having an anxiety attack."

36. Ms. Villegas was visibly distressed and again asked the Officer Defendants about their reason for searching her home. Ms. Villegas asked for the names of the Officer Defendants and that of their supervisors, but they refused to disclose this information.

37. During their warrantless search, the Officer Defendants caused substantial damage to the property and severe emotional distress to Ms. Villegas. The

4

Officer Defendants pulled the front screen door of Plaintiff's home off its hinges and damaged that door. John Doe Nos. 4 and 5 damaged Ms. Villegas' backyard fence, and broke the lock so that it no longer opens.

38. Ms. Villegas received an estimate of $1,365 to repair the damage to her home caused by the Officer Defendants, and has expended an additional $83 in necessary repairs since.

39. The Officer Defendants found no contraband, nor any evidence of criminal wrongdoing in Ms. Villegas' residence. Nor did they find Eric Laws or any evidence connected to him.

40. Shortly after the August 4, 2006, incident, Ms. Villegas filed an Internal Affairs complaint by sending a letter detailing the aforementioned actions.

41. Upon information and belief, Defendant McFarland knew of these events because of Ms. Villegas' Internal Affairs complaint and ratified the Officer Defendants' actions by taking insufficient steps to investigate the warrantless search of her home or to sanction the Officer Defendants involved.

42. Because Officer John Doe No. 3 was dressed differently than the other Officer Defendants, Ms. Villegas believed that he was not a Probation and Parole Officer, but rather a member of a police department. Because the Officer Defendants refused to give their names when she requested them, Ms. Villegas, through her attorneys, contacted the Newark Police Department, the Delaware State Police, and the New Castle County Police, to determine if any of their officers were involved in the search of her home. All of these departments denied involvement.

43. Between February 16, 2007, and June 1, 2007, Ms. Villegas, through her attorneys, contacted the Department of Correction, Bureau of Community Correction, through its attorney, in an effort to obtain the results of the Internal Affairs investigation she had requested. Ms. Villegas was informed, through her attorneys, that she would not be provided with these results.

44. Upon information and belief, Defendant McFarland was deliberately indifferent in failing to train or supervise the Officer Defendants in their constitutional obligations to respect the right to be free from unreasonable searches, and that failure was a direct and proximate cause of the Officer Defendants' actions detailed above. The need for training and supervision was obvious, and the inadequacy of the training and supervision was very likely to result (and did indeed result) in a violation of Ms. Villegas' constitutional rights.

45. Upon information and belief, the Officer Defendants were acting according to a custom or practice of the Delaware Department of Correction Probation and Parole Division of conducting searches of the homes of non-probationers without

obtaining warrants first, without probable cause and with intentional or reckless indifference to the rights of non-probationers.

46. Defendants acted callously and with reckless indifference to Ms. Villegas' Fourth and Fourteenth Amendment rights.

47. The Officer Defendants' actions caused Ms. Villegas to suffer emotional distress, caused property damage, and caused other compensable harm.

## COUNT 1

### PURSUANT TO 42 U.S.C. §1983 FOR DECLARATORY RELIEF AND DAMAGES FOR VIOLATIONS OF PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS

48. The foregoing paragraphs are incorporated by reference.

49. The actions of the Officer Defendants violated her right to be free from unreasonable searches in violation of the Fourth Amendment, as applied to the states by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983.

50. Defendant McFarland caused this violation of Ms. Villegas' rights under the Fourth and Fourteenth Amendments to the United States Constitution by failing to adequately train, supervise, and discipline the Officer Defendants, and by maintaining unconstitutional policies, customs, or practices that permit employees of New Castle County Probation and Parole to violate constitutional rights of individuals, including Ms. Villegas.

51. Defendants' actions violated Ms. Villegas' clearly established rights.

52. As a direct and proximate result of Defendants' actions described above, Ms. Villegas has suffered not only deprivation of her constitutional rights, but also significant injuries, damages, and losses, for which she is entitled to redress.

## COUNT 2

### PURSUANT TO ARTICLE I, SECTION 6 OF DELAWARE CONSTITUTION FOR DAMAGES FOR VIOLATION OF PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES

53. The foregoing paragraphs are incorporated by reference.

54. The actions of the Officer Defendants violated her right to be free from unreasonable searches in violation of Article I, Section 6 of the Delaware Constitution.

55. Defendant McFarland caused this violation of Ms. Villegas' rights under Article I, Section 6 of the Delaware Constitution by failing to adequately train, supervise, and discipline the Officer Defendants, and by maintaining unconstitutional policies, customs, or practices that permit employees of New Castle County Probation and Parole to violate constitutional rights of individuals, including Ms. Villegas.

56. Defendants' actions constituted an extreme departure from the ordinary standard of care and evidenced a wanton disregard or reckless indifference to the right of Ms. Villegas to be free from an unreasonable search of her home and property.

57. Ms. Villegas was harmed by this unlawful search of her home and property by Defendants, and, pursuant to Article I, Section 9 of the Delaware Constitution, is entitled to redress for that violation and for the harm done to her by Defendants' actions.

## DEMAND FOR JURY TRIAL

58. Ms. Villegas demands trial by jury of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Ms. Villegas respectfully requests that this Court:

    (a) Declare that Defendants' actions have violated Ms. Villegas' rights under the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 6 of the Delaware Constitution;

    (b) Award Ms Villegas nominal damages for the violation of her constitutional rights and compensatory damages for the damages sustained as a result of the Defendants' actions.

    (c) Award punitive damages against officer Defendants because they acted callously and with reckless disregard for Ms. Villegas' constitutional rights.

    (d) Award Ms. Villegas costs and attorneys' fees pursuant to 42 U.S.C. §1988; and

    (e) Grant such other relief as the Court deems just and appropriate.

Dated: June 18, 2008

Respectfully submitted,


/s/ Edward C. Gill
Edward C. Gill, Esq. (No. 2112)
16 N. Bedford Street
P.O. Box 824
Georgetown, DE 19947-0824
Phone: (302) 854-5400
Fax: (302) 854-5409

/s/ Umbreen S. Bhatti
Umbreen S. Bhatti, Esq. (No. 5119)
ACLU Foundation of Delaware
100 W. 10th Street, Suite 309
Wilmington, DE 19801
Phone: (302) 654-5326, ext. 103
Fax: (302) 654-3689

℀JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Villegas, Helene

**DEFENDANTS** McFarland, Michael, Regional Manager, NCC Probation + Parole, in his individual capacity; Doe, Jane, Doe, John Nos. 1-9, NCC Probation + Parole Officers

**(b)** County of Residence of First Listed Plaintiff    New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    New Castle
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

See Attached

Attorneys (If Known)

See Attached

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL INJURY** ☐ 362 Personal Injury - Med. Malpractice ☐ 365 Personal Injury - Product Liability ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws ☐ 640 R.R. & Truck ☐ 650 Airline Regs. ☐ 660 Occupational Safety/Health ☐ 690 Other | ☐ 820 Copyrights ☐ 830 Patent ☐ 840 Trademark | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 480 Consumer Credit |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** ☐ 370 Other Fraud | **LABOR** | ☐ 490 Cable/Sat TV ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 196 Franchise | | | | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee ☐ 465 Other Immigration Actions | | |
| | ☒ 440 Other Civil Rights | | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 1983

Brief description of cause:
Violation of Civil Rights

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**    (See instructions):    JUDGE                    DOCKET NUMBER

DATE  6/20/08

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Law Office of Edward C. Gill, P.A.
Edward C. Gill, Esquire
Attorney for Plaintiff
16 North Bedford Street
P.O. Box 824
Georgetown, Delaware  19946
302-854-5400

ACLU Foundation of Delaware
Umbreen S. Bhatti, Esquire
Attorney for Plaintiff
100 W. 10th St., Suite 309
Wilmington, De 19801
302-654-5326

Aaron R. Goldstein, Esquire
Attorney for Defendants
Department of Justice
Carvel State Office Building
820 North French Street
Wilmington, Delaware  19801