IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HELENE VILLEGAS, : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | CIVIL ACTION |
| : | |
| MICHAEL MCFARLAND, Regional : | |
| Manager, New Castle County Probation : | NO. 08-cv-370 (SLR) |
| and Parole, in his individual : | |
| capacity; and JANE DOE, JOHN DOES : | |
| Nos. 1, 2, 3, 4, 5, 6, 7, 8, and 9, New : | JURY TRIAL DEMANDED |
| Castle County Probation and Parole : | |
| Officers, in their individual capacities. : | |
| : | |
| Defendants. : | |

**PLAINTIFF'S MOTION REQUESTING EMERGENCY LIMITED DISCOVERY FOR PURPOSE OF ASCERTAINING IDENTITIES OF DEFENDANTS JANE DOE AND JOHN DOE NOS. 1-9**

1.      Plaintiff hereby moves, pursuant to Fed. R. Civ. P. 7, to request emergency limited discovery for the purpose of ascertaining the identities of Defendants Jane Doe and John Doe Nos. 1-9. Plaintiff seeks emergency limited discovery because the statute of limitations on the filing of her action will run on Monday, August 4, 2008, and Plaintiff wishes to amend her complaint to include these Defendants prior to that date.

2.      As alleged in Plaintiff's Complaint, on August 4, 2006, approximately 10-11 uniformed officers came to Plaintiff's home. One identified himself and the others as Probation and Parole Officers, but not all the officers were wearing the same type of

uniform. They refused to disclose their names. These officers searched Plaintiff's home without probable cause or warrant, alarming Plaintiff and causing property damage.

3. Following this incident, Plaintiff, through counsel, made several unsuccessful efforts to determine the identities of Defendants Jane Doe and John Doe Nos. 1-9, both prior to filing the Complaint and after filing it. Because not all the officers who came to her home were wearing the same type of uniform, Plaintiff contacted police departments as well as the Office of Probation & Parole. Her efforts included (a) a letter to Colonel Rick Gregory of the New Castle County Police Department in February 2007; (b) a letter to Bureau Chief Noreen Renard of the Bureau of Community Corrections in February 2007; (c) a letter to Lieutenant Colonel Mark Seifert of the Delaware State Police in April 2007; (d) various communications with the Department of Correction, through its attorney, between February and June 2007; and (e) additional communications with the Department of Correction, through its attorney, in July 2008.

4. Because Defendant McFarland's employer would not provide the identities of the Jane and John Does prior to litigation, Plaintiff's only option for identifying those defendants before the statute of limitations runs on August 4, 2008 is to obtain that information from Defendant McFarland through discovery. Because Plaintiff's complaint has not yet been assigned to an attorney at the Delaware Department of Justice, Plaintiff has not been able to request this information from Defendant McFarland's attorney. Her only option at this point in time is the discovery process.

5. Plaintiff therefore seeks leave to request that Defendant McFarland respond to the following interrogatory and document request no later than August 1, 2008:

    a. Interrogatory: Please identify all the officers, from the Department of Correction or otherwise, who went to Plaintiff's home at 44 Plover Circle, Newark, DE 19702 on August 4, 2006, whether they entered the home or did not.

    b. Document Request: Any and all documents related or referring to the August 4, 2006 incident referenced in the Complaint, including all formal, informal, official, or unofficial documents related to or comprising any communication, note, memoranda, correspondence, complaint, report, disciplinary action, dealing, agreement, or application related to Helene Villegas, or to the search of her home at 44 Plover Circle, Newark, DE 19702 on August 4, 2006, which identify the officers, from the Department of Correction or otherwise, who went to Plaintiff's home on that date, whether they entered the home or did not.

6. Plaintiff has been informed that Deputy Attorney General Ophelia Waters, Esq., will be responsible for assigning the case to a Deputy Attorney General at the Delaware Department of Justice. Plaintiff will therefore serve Ms. Waters, Esq., in addition to Defendant McFarland.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order directing Defendant McFarland to respond to Plaintiff's emergency limited discovery for the purpose of ascertaining the identities of Defendants Jane Doe and John Doe Nos. 1-9 no later than August 1, 2008.

                                Respectfully submitted,

Dated: July 30, 2008                      /s/ Umbreen S. Bhatti
                                                  Umbreen S. Bhatti, Esq. (No. 5119)
                                                  ACLU of Delaware
                                                  100 W. 10th Street, Suite 309
                                                  Wilmington, DE 19801
                                                  Phone: (302) 654-5326, ext. 103
                                                  Fax: (302) 654-3689

                                                  Edward C. Gill, Esq. (No. 2112)
                                                  16 N. Bedford Street

P.O. Box 824
Georgetown, DE 19947-0824
Phone: (302) 854-5400
Fax: (302) 854-5409

*Counsel for Plaintiff, Helene Villegas*

## CERTIFICATE OF SERVICE

I hereby certify that I caused the attached executed Motion Requesting Emergency Limited Discovery for the Purpose of Ascertaining the Identities of Defendants Jane Doe and John Doe Nos. 1-9, to be served by first class mail, via fax, and electronically, as appropriate, on all parties or counsel as follows:

    Defendant Michael McFarland
    State of Delaware
    Department of Correction
    Bureau of Community Corrections
    Northern New Castle Office of Probation & Parole
    314 Cherry Lane
    New Castle, DE 19720
    T: (302) 577-3443
    F: (302) 577-3670

    Deputy Attorney General Ophelia Waters, Esq.
    Department of Justice
    Carvel State Office Building
    820 N. French Street
    Wilmington, DE 19801
    T: (302) 577-8362
    F: (302) 577-6630

    /s/ Umbreen S. Bhatti
    Umbreen S. Bhatti, Esq. (No. 5119)
    ACLU of Delaware
    100 W. 10th Street, Suite 309
    Wilmington, DE 19801
    Phone: (302) 654-5326, ext. 103
    Fax: (302) 654-3689

    Edward C. Gill, Esq. (No. 2112)
    16 N. Bedford Street
    P.O. Box 824
    Georgetown, DE 19947-0824
    Phone: (302) 854-5400
    Fax: (302) 854-5409

    *Counsel for Plaintiff, Helene Villegas*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HELENE VILLEGAS, : | |
| : | |
| Plaintiff : | |
| : | |
| v.. : | CIVIL ACTION |
| : | |
| MICHAEL MCFARLAND, Regional : | |
| Manager, New Castle County Probation : | NO. 08-cv-370 (SLR) |
| and Parole, in his individual : | |
| capacity; and JANE DOE, JOHN DOES : | |
| Nos. 1, 2, 3, 4, 5, 6, 7, 8, and 9, New : | JURY TRIAL DEMANDED |
| Castle County Probation and Parole : | |
| Officers, in their individual capacities.. : | |
| : | |
| Defendants.. | |

**ORDER**

AND NOW, this ___ day of _____, 2008, after consideration of Plaintiff's Motion Requesting Emergency Limited Discovery for the Purpose of Ascertaining the Identities of Defendants Jane Doe and John Doe Nos. 1-9, the Court makes the following findings:

1. Plaintiff has made several unsuccessful efforts to determine the identities of the Jane and John Doe Defendants, both prior to filing the Complaint and after filing it. These efforts include (a) a letter to Colonel. Rick Gregory of the New Castle County Police Department in February 2007; (b) a letter to Bureau Chief Noreen Renard of the Bureau of Community Corrections in February 2007; (c) a letter to Lieutenant Colonel Mark Seifert of the Delaware State Police in April 2007; (d) various communications with the Department of Correction, through its attorney, between February and June 2007; and (e) additional communications with the Department of Correction, through its attorney, in July 2008.

2. Because no attorney has yet been assigned to represent Defendant MacFarland, Plaintiff cannot make a request of Defendant MacFarland's counsel directly.

3. The statute of limitations on Plaintiff's action will run on August 4, 2008.

4. Plaintiff wishes to amend her complaint to include the identities of the Jane and John Doe Defendants prior to that date.

**IT IS THEREFORE ORDERED** that Plaintiff shall serve the limited discovery requests identified in her motion on Defendant MacFarland and Deputy Attorney General Ophelia Waters, Esq., and Defendant McFarland shall respond to those discovery requests no later than Friday, August 1, 2008.

SO ORDERED:

_____

Sue L. Robinson, U.S.D.J.